# Exhibit 1

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00309**<br>Court:    **CIRCUIT**<br>County: **DAVIESS** |

*Plantiff,* **KODIAK RESOURCES, INC. VS. EULER HERMES NORTH AMERICA**, *Defendant*

**TO:**  **EULER HERMES NORTH AMERICA**
**800 RED BROOK BOULEVARD**
**OWINGS MILLS, MD 211175155**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Jennifer Besecker,
Daviess Circuit Clerk
Date: **3/12/2020**

Presiding Judge: HON. JAY A. WETHINGTON (606289)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

Served By _____

Title _____

Summons ID: 230788016351665@00000249011
CIRCUIT: 20-CI-00309 Certified Mail
KODIAK RESOURCES, INC. VS. EULER HERMES NORTH AMERICA



Page 1 of 1


eFiled

COMMONWEALTH OF KENTUCKY
DAVIESS CIRCUIT COURT
Civil Action No.: _____

KODIAK RESOURCES, INC.                                               PLAINTIFF
3520 New Hartford Road, Suite 101
Owensboro, KY 42303-1781

vs.                            *Electronically Filed*

EULER HERMES NORTH AMERICA                                          DEFENDANT
800 Red Brook Blvd
Owings Mills, MD 21117-5155

Serve:  CT Corporation
        306 West Main Street
        Frankfort, KY 40601

## COMPLAINT

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

*Plaintiff, Kodiak Resources, Inc., d/b/a Kodiak Metals Recycling, Inc. ("Kodiak"), for its* Complaint herein, states as follows:

1. Kodiak is a Kentucky corporation in good standing with its principal place of business located in Daviess County, Kentucky.

2. Defendant Euler Hermes North America is a stock company with its principal place of business located in Owings Mill, Maryland.

3. Defendant (a) transacts and conducts business in the Commonwealth of Kentucky; (b) caused tortious injury in the Commonwealth of Kentucky; (c) contracted to do business and provide services in the Commonwealth of Kentucky, and/or (d) contracted to insure persons, property or risk located in the Commonwealth of Kentucky.

4. Defendant has appointed CT Corporation, 306 W. Main Street, Frankfort, Kentucky, 40601, as its registered agent.

5. Kodiak is in the business of metal and scrap recycling and as a part of its business, sells metal, steel and other products to customers across the United States.

6. Defendant is an insurance company which issues policies which insure against bad debt.

7. Defendant's website describes itself as the "leader in credit insurance."

8. Prior to 2019, Kodiak representatives began discussing with Defendant's representatives the possibility of purchasing "credit insurance" to protect Kodiak against the risk of customers defaulting on purchases from Kodiak.

9. On or about March 1, 2019, Defendant issued a policy of insurance naming Kodiak as the insured ("Policy"). A true and accurate copy of the Policy, is attached hereto as Exhibit "A" and incorporated herein by reference.

10. Defendant charged a premium of $24,300.00 for the Policy which was paid by Kodiak.

11. The Policy insured, among other potential risks and losses, accounts receivable generated by sales to Bayou Steel Group, BD LaPlace, LLC, LaPlace, Louisiana ("Bayou"). Bayou was an established customer of Kodiak and the information supplied to the Defendant in connection with the issuance of the Policy, reflected annual insurable sales to Bayou in the approximate amount of $4,700,000.00.

12. Defendant agreed to provide credit insurance relative to Bayou in the initial amount of $500,000.00.

13. As part of the Policy, Defendant also issued what it described as a "CAP & CAP+ endorsement ("Endorsement")." The Endorsement is a part of the Policy attached as Exhibit A.

14. The effect of this Endorsement is that even after the Policy has been issued, the customer, in this case Kodiak, is allowed to request that additional accounts receivables, in excess of the initial amount agreed upon by Defendant, be insured by the Defendant under the Policy.

Filed         20-CI-00309   03/12/2020                Jennifer Besecker, Daviess Circuit Clerk

15. On or about May 10, 2019, Defendant agreed to provide credit insurance relative to accounts receivable owed or potentially owed by Bayou in amounts in excess of the original amount of $500,000.00.

16. On or about May 17, 2019, Defendant agreed to provide $500,000.00 in additional coverage for accounts receivables relative to Bayou under the Endorsement.

17. On or about April 6, April 15 and May 8, 2019, Kodiak delivered to Bayou shipments of metal including finance charges in the amounts of $16,371.63, $464,568.95 and $438,133.04, respectively, for a total of $919,073.62. Thereafter, Bayou failed to pay for all of the shipments, leaving $919,073.62 in unpaid invoices.

18. Thereafter, Kodiak submitted a claim to Defendant requesting that Kodiak be reimbursed $919,073.62, pursuant to the Policy.

19. Defendant agreed that Kodiak was insured for up to $500,000.00 for the earlier deliveries, but denied that the accounts receivable arising from one or more of the deliveries were covered by the Policy.

20. Kodiak has complied with all Policy provisions relative to claims that it has filed concerning the Bayou accounts receivables, and is otherwise, not in breach of the Policy.

21. Defendant has failed and refused to pay any of the aforesaid claim, including the $500,000.00 that it does not dispute.

22. Kodiak has made repeated written and verbal requests for an explanation from Defendant as its basis for denying all or part of the aforesaid claim and warning it that its actions are in bad faith.

23. By letter dated December 16, 2019, Kodiak, through its counsel, demanded Defendant pay Kodiak the sum of $845,490.19, the amount due Kodiak from Defendant under the Policy. A true and accurate copy of said letter is attached hereto as Exhibit "B" and incorporated herein by reference.

Filed                20-CI-00309   03/12/2020           Jennifer Besecker, Daviess Circuit Clerk

24. Defendant failed to adequately respond to Kodiak's December 16, 2019 letter.

25. By email dated January 10, 2020, Kodiak, through its counsel, notified Defendant that it had failed to respond to Kodiak's previous claims under the Policy and that Defendant's continued failure to respond is potentially bad faith as defined by KRS 304.12-230. A true and accurate copy of the email is attached hereto as Exhibit "C" and incorporated herein by reference.

26. As of this date, Defendant has failed to pay the aforesaid claims and failed to provide a timely and reasonable explanation for its denial of the claims, including the $500,000.00 coverage that it does not dispute.

27. To the extent Defendant believes it has grounds to deny any of the claims, its rationale is not supported by the Policy itself.

28. Plaintiff has suffered injuries and damages in excess of the jurisdictional minimum imposed upon this Court including, but not limited to, the amount of the claims denied, $845,490.19.

## COUNT I
### Breach of Contract

29. Kodiak incorporates by reference herein, all allegations contained in paragraphs 1 through 28.

30. The Policy is a binding and valid contract between Kodiak and Defendant.

31. The Policy requires the payment of the claims described herein, and there is no exclusion or language in the Policy which would excuse or justify Defendant's non-payment of Kodiak's valid claims.

32. Defendant's conduct and actions herein constitute a breach of the Policy.

33. Defendant's breach has damaged Kodiak in an amount not less than $845,490.19.

34. Kodiak's damages are liquidated pursuant to Kentucky law and Kodiak is entitled to pre-judgment and post-judgment interest therein at the legal rate of interest.

## COUNT II
### Violation of Unfair Claims Settlement Practices – KRS 304.12-230

35. Kodiak incorporates by reference herein, all allegations contained in paragraphs 1 through 34.

36. Defendant is an insurance company and subject to the provisions of KRS 304.12-230. KRS 304.12-230 prohibits an insurance company such as Defendant from engaging in the following conduct: (1) failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising from insurance policies; (2) refusing to pay claims without conducting a reasonable investigation based upon all available information; (3) failing to affirm or deny coverage of claims within a reasonable time after proof of lost statements have been completed; (4) not attempting in good faith to effect prompt, fair and equitable settlements of claim which liability has become reasonably clear; (5) compelling insureds to institute litigation to recover amounts due under insurance policy by offering substantially less than the amount ultimately recovered in actions brought by such insureds.

37. Defendant's conduct as described herein, violates KRS 304.12-230.

38. As a result of Defendant's statutory violation of KRS 304.12-230, Kodiak is entitled to damages from Defendant in an amount that will compensate Kodiak for its actual losses herein.

## COUNT III
### Statutory Damages – KRS 304.12-235

39. Kodiak incorporates by reference herein, all allegations contained in paragraphs 1 through 38.

40. Defendant's failure to make a good faith attempt to settle Kodiak's claim within thirty (30) days from the date upon which Kodiak provided Defendant notice and proof of loss entitles Kodiak to recover interest on the value of the final settlement at the rate of twelve

Filed                20-CI-00309   03/12/2020              Jennifer Besecker, Daviess Circuit Clerk

percent (12%) per annum from and after the expiration of the thirty (30) day period, pursuant to KRS 304.12-235(2).

41. Defendant's failure to settle Kodiak's claims within the thirty (30) days from the date upon which Kodiak provided Defendant notice and proof of loss and such failure being without reasonable foundation entitles Kodiak to be reimbursed for its reasonable attorney's fees incurred, pursuant to KRS 304.12-235(3).

## COUNT IV
### Punitive Damages

42. Kodiak incorporates by reference herein, all allegations contained in paragraphs 1 through 41.

43. Defendant's conduct herein was willful, wanton and made with the reckless disregard for the rights and business interests of its insured, Kodiak.

44. As a result, Kodiak is entitled to punitive damages in an amount to be determined by a jury.

WHEREFORE, **Plaintiff, Kodiak Resources, Inc., d/b/a Kodiak Metals Recycling**, Inc. demands judgment as follows:

A. Liquidated Damages in the amount of $845,490.19;

B. Additional damages in an amount to compensate it for its losses to be determined by a jury;

C. Interest at the rate of 12% per annum pursuant to KRS 304.12-235(2);

D. Attorneys' fees pursuant to KRS 304.12-235(3).

E. Punitive damages to be determined by a jury;

F. Trial by jury and,

G. Any and all other relief to which is may be entitled.

Filed                    20-CI-00309    03/12/2020                 Jennifer Besecker, Daviess Circuit Clerk

Respectfully submitted,

<u>/s/Mark S. Fenzel</u>
Mark S. Fenzel
David J. Kellerman
**MIDDLETON REUTLINGER**
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
*Phone*: (502) 584-1135
*Fax*:  (502) 561-0442
**Counsel for Plaintiff,**
**Kodiak Resources, Inc.**

Package:000009 of 000097

Presiding Judge: HON. JAY A. WETHINGTON (606289)

Package : 000009 of 000097

Filed                    20-CI-00309    03/12/2020          7      Jennifer Besecker, Daviess Circuit Clerk