UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:20-CV-00060-JHM**

**KODIAK RESOURCES, INC,**                                                          **PLAINTIFF**

**V.**

**EULER HERMES NORTH AMERICA,**                                          **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Defendant's Motion to Dismiss [DN 28]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is DENIED.

**I. BACKGROUND**

This case concerns a credit insurance dispute between Plaintiff, Kodiak Resources, Inc. ("Kodiak"), and Defendant, Euler Hermes North America ("Euler"). Kodiak is in the business of recycling metal and scrap. In 2019, Kodiak purchased a policy from Euler to cover its accounts receivables for sales made to customers who became bankrupt or otherwise unable to pay for the goods sold. Defendant approved a credit limit for one of Plaintiff's customers, Bayou Steel, for up to $500,000 in credit insurance. Am. Compl. ¶ 18–19. Thereafter, Kodiak purchased an additional $500,000 of coverage on accounts receivables with Bayou via Euler's "CAP" and "CAP+" Endorsement policy. Bayou failed to pay Kodiak and filed for bankruptcy. Kodiak filed this case to recover under the credit insurance policy.

The crux of this litigation is whether Plaintiff was covered for an *additional* $500,000 of losses on accounts receivables with Bayou via Defendant's "CAP" and "CAP+" Endorsement policy. *See* Compl. ¶¶ 13–16. Plaintiff purchased this additional coverage in May 2019. The underlying dispute concerns whether the CAP coverage applies to shipments made to Bayou that

commenced *prior to* May 1, 2019 (the date in which CAP coverage became effective) but were delivered to and accepted by Bayou *after* May 1.

However, this Motion to Dismiss concerns only the allegations raised in Plaintiff's Second Amended Complaint that Kodiak is entitled to recover $200,000 of "preference payments" that it was forced to pay to the Trustee in Bayou's bankruptcy.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Discussion

Euler filed this Motion to Dismiss arguing that it had already paid all that it was required to pay under the base policy and that the provisions of the policy related to preference payments did not create "additional" insurance to be recovered under the policy. The Court agrees with Euler that the provisions related to preference payments do not create "additional" insurance, but the policy does provide coverage for preference payments. The Second Amended Complaint alleges that Kodiak made preference payments. These payments constitute an item of damage that is alleged to be due and owing and the claim is properly pled. Thus, the Motion to Dismiss the Second Amended Complaint is **denied.**

The affidavit of Kodiak's President, Craig Lanham, reveals his concern and perhaps some confusion. He agrees that Euler is not obligated to pay more under the base coverage than it already has. However, he believes that a portion of Euler's "base" policy limits was allocated to invoice #5153 which was "supplied" after May 1, 2019. He is concerned that this portion will reduce what Kodiak will receive if Kodiak's interpretation of the CAP provisions of the policy wins the day.

The Court is not certain which damages Euler considered before paying the policy limits of the "base" policy. But at the end of the day, the Court will be able ascertain the damages that are recoverable under the policy and apply the coverage limitations to those damages.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Euler Hermes' Motion to Dismiss [DN 28] is DENIED.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record